A. P. LOLO for Kuki and Puavai Ilaoa;
UO of Leone; VELE of Pavaiai; U. GALOIA
of Pavaiai, Plaintiffs

v.

HEIRS OF AVEGALIO SEKIO of Leone, Defendant

# No. 190-1963

# High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Ulutolu" in Pavaiai]

# July 21, 1964

Lolo, Counsel for Kuki and Puavai Ilaoa.
Uo, *pro se.*
Fofo, Counsel for Vele.
Sagapolutele, Counsel for U. Galoia.
Muagututia Tuia, Counsel for the Heirs of Avegalio Sekio.

OPINION OF THE COURT

MORROW, *Chief Justice.*

The heirs of Avegalio Sekio, viz., Faasau Avegalio, Failautusi Avegalio, Fuapopo Avegalio, Su'e Avegalio, Fiapito Avegalio and Ve'a Avegalio, filed their application with the Registrar of Titles to have the land Ulutolu in the Village of Pavaiai registered as their individually-owned land, share and share alike. A survey of the land accompanied the application. Such survey was introduced in evidence as an exhibit in the case. Prior to the hearing the Court viewed the land involved in the presence of the parties.

Kuki and Puavai filed an objection to the proposed registration claiming that the land Ulutolu was their individually-owned property. Vele filed an objection claiming that the survey of Ulutolu included a portion of the Vele communal family land known as Alofa. U. Galoia filed an objection claiming that the survey of Ulutolu included a portion of the land Faletele, a communal family land of the Galoia Family. Uo also filed an objection to the proposed registration claiming that the surveyed tract was land bought from Vele by his father Uo Sopoaga in 1918 and that it was Uo communal family land.

At the beginning of the hearing Kuki and Puavai Ilaoa withdrew their objection and were dismissed as parties in the case.

The evidence shows very clearly that Avegalio Sekio purchased the surveyed tract Ulutolu from Tua Palepale in 1920 and that the [sic] claimed the purchased land as his individually-owned property. Sekio died in 1945. The six applicants are his surviving children. Sekio either personally occupied the land until his death or had it occupied by others with his permission. Since his death it has either been occupied by one or more of the applicants or by persons with permission of the applicants. At present, it is occupied by Sagi and his wife by permission of the applicants. Sagi and his wife moved on to the land in 1960. The occupation by Sekio and, following him, the applicants (or by persons with permission from Sekio before his death and persons with permission from the applicants after Sekio's death) has been continuous. No one raised any objection to this continuous occupancy from 1920 up to the time of the survey in 1963.

 The evidence clearly established the fact that Sekio (or persons occupying it under his authority) was in possession of Ulutolu from 1920 until his death in 1945 and that the applicants (or persons likewise occupying it under

their authority) have been in possession of Ulutolu from 1945 up to the present time. Furthermore, the evidence without question establishes the fact that such possession has been actual, open, exclusive, notorious, and continuous from 1920 to the present time in 1964. Also, the evidence clearly establishes that such possession was hostile, i.e., under a claim of ownership, first in Sekio from 1920 to 1945 and from 1945 to the present time under a claim of ownership by his heirs, who are the applicants. There was no adverse claim of ownership of the land, either in whole or in part, made by any of the objectors prior to 1963 when the survey was made.

The fact that the applicants have possession (Sagi and his wife are living on the land with their permission) creates a presumption of their ownership.

"A presumption of ownership or title is derived from the possession of real property, the probative weight or force thereof being dependent upon the duration of the possessor's tenure. The universal favor which this presumption enjoys is evidenced by legislative recognition in substantially all jurisdictions. Such recognition takes the form of express enactments, statutes of limitations, and the innumerable procedural statutes for establishment of title by adverse possession." I Jones on Evidence (4th Ed.) 133–4.

Section 10.0115 of the American Samoa Code, 1961 Edition, provides that the:

"Actual, open, notorious, hostile, exclusive, and continuous occupancy of real estate for the period prescribed by law as sufficient to bar an action for the recovery of real property confers a title thereto by adverse possession, which is sufficient against all."

Section 3.1101 of the Code limits the time for bringing actions for the recovery of real property to 20 years.

The possession of Sekio for 25 years may be tacked to the possession of his heirs for 19 years. 2 C.J.S. 685.

If the various objectors in this case, or any of them, ever had any claim to all or any part of the surveyed tract

Ulutolu, such claim has been extinguished by the actual, open, notorious, hostile, exclusive and continuous occupancy of the land first by Sekio and then by his children following him, from 1920 to 1964. The occupancy of the land by the various people who occupied it under the authority of Sekio and his heirs (the applicants) at various times during 44 years constituted the possession by Sekio and following his death possession by his heirs.

 Uo at first claimed that Ulutolu had been purchased by the then Uo about 1918 for $100 and a cow. However, later in his testimony he admitted that he did not know whether the land he claimed to have been purchased was Ulutolu. He was only 12 years old at the time of the supposed purchase and if any purchase was made, there was no deed of the land recorded. Uo also claimed that Sekio was a Uo man and that was the reason that the Uo never made any objection when Sekio and, following him, Sekio's children permitted strangers to live on the land. However, the fact is that under Samoan custom family lands are under the jurisdiction of the matai, not a young man (Sekio was a young man and his sons are young men) such as Sekio. A young man has no authority to permit strangers to live on communal family lands. The very fact that the matai Uo never made any objection to strangers, with Sekio's permission or later with his children's permission, living on the land is a very strong indication that it was Sekio's individually-owned land and not Uo family land. We are convinced from the evidence that it was Sekio's individually-owned land. Furthermore, Sekio conveyed some of his individually-owned land to Sau Pritchard as shown by the record of a deed in Vol. II, Register of Land Transfers, pp. 172–174. The land conveyed to Sau Pritchard is very near Ulutolu.

██ Galoia claimed that Sekio's mother was a member of the Galoia Family. Since Samoans do not marry inside

the family, she was also a member of many other families, too. Galoia also claimed that because of the relationship of his mother to the Galoia, Sekio was permitted to live on the surveyed land and that a good portion of the land was Galoia communal property. However, the fact is that if Galoia's claim is true, Galoia permitted Sekio, a young man, to permit strangers to occupy Galoia land without any objection, a most unlikely thing since it is the matai and not a young man in the family who has jurisdiction over family lands.

Vele claimed that a small portion of the northwest part of the surveyed land was Vele communal family land. We are satisfied from the evidence, if such was ever the fact, that the title to such small portion has been extinguished by the adverse possession of the same by Sekio and, following him, his heirs for 20 years, pursuant to Section 10.0115 of the American Samoa Code, 1961 Edition, above quoted. And the same may be said of the claims of Galoia and Uo, if they ever had any validity.

We hold that the land Ulutolu as shown on the survey is the individually-owned land of the applicants, and that any claims of the objectors to such land, if any such claims were valid, have been extinguished long ago by the law of adverse possession.

DECREE

Accordingly, it is ORDERED, ADJUDGED AND DECREED that the land Ulutolu, as shown in the survey introduced in evidence as an exhibit in the case, shall be registered as the individually-owned land of Faasau Avegalio, Failautusi Avegalio, Fuapopo Avegalio, Su'e Avegalio, Fiapito Avegalio and Ve'a Avegalio as tenants in common.

Costs in the sum of $37.50 are hereby assessed against Uo, Vele, and Galoia, each of whom is to pay $12.50 within 15 days.